IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CENTRAL MILLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV423 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID HUTCHINSON, SUSAN | ) | MEMORANDUM AND ORDER |
| HUTCHINSON, LEONARD MOSHER, | ) | |
| MOSHER PRODUCTS, INC, and | ) | |
| SERVICE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motions to dismiss or for summary judgment filed by defendants Susan Hutchinson, Leonard Mosher, Mosher Products, Inc,, and Service Company of America, Filing Nos. 44, 47, and 49, and on plaintiff's motion to continue or deny the motions, without prejudice to reassertion, pursuant to Fed. R. Civ. P. 56(f), Filing No. 55. This is an action for breach of contract and fraudulent concealment in connection with the purchase and sale of organic commodities. Jurisdiction is based on diversity of citizenship.

**I. Background**

On April 1, 2009, plaintiff was granted leave to file an amended complaint adding defendants Susan Hutchinson, Leonard Mosher, Mosher Products, Inc., and Service Company of America. See Filing No. 22, Amended Complaint. With respect to these defendants, plaintiff alleges in the amended complaint that defendant David Hutchinson was an agent for defendants Mosher and Mosher Products and marketed and sold organic wheat grown by those defendants. He further alleges that defendant Service Company of

America was "a rented farmland owned by Defendant Susan Hutchinson and was in the business of growing, harvesting and selling organic wheat as a merchant and marketed its organic wheat." Further, plaintiff alleges that defendant Susan Hutchinson, the wife of defendant David Hutchinson, "was an owner of real estate used for growing organic wheat . . . was in the business of selling organic wheat as a merchant and marketed her organic wheat at trade shows . . . and by and through Defendant David Hutchinson, directly marketed the organic wheat grown on her property to the Plaintiff." The plaintiff alleges that David Hutchinson failed to disclose that he "acted merely as a sales agent for defendants Sue Hutchinson, Leonard Mosher, Mosher Products, Inc., and Service Company of America," that David Hutchinson subsequently breached a contract for the delivery of wheat to the plaintiff, and that defendants David Hutchinson and Leonard Mosher knew that the plaintiff did not want to purchase wheat from Leonard Mosher or Mosher Products, Inc., and concealed the material fact that Mosher owned the wheat sold to the plaintiff.

## II. Discussion

### A. Law

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (*quoting Twombly*, 550 U.S. at 555). In order to survive

a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 U.S. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal*, — U.S. —, —,129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

When "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d); *BJC Health Sys. v. Colombia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). When the district court relies on the matters outside the pleading, a motion to dismiss will be converted into one for summary judgment. *Id.*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir. 1999). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir. 2004). "A dispute is genuine 'if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment.'" *Id.* "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

Rule 56(f) provides that "[i]f a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may either deny the motion or "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f)(1) & (2).

### B. Analysis

The court first finds that the allegations of the complaint are sufficient to state a claim for relief against these defendants. Drawing all reasonable inferences in favor of the

5

plaintiff, the allegations of the amended complaint raise a right of relief for either breach of contact or fraudulent concealment above a speculative level.  The plaintiff's allegations do more than merely state the legal conclusion that defendant David Hutchinson acted as an agent for Mosher.  The amended complaint sets forth the purported relationship between the parties, and from those facts, the court can infer a plausible express or implied agency relationship.  The allegations present plausible claims for either actual or vicarious liability on the part of these defendants.

With respect to these defendants' entitlement to judgment as a matter of law, the court finds that the evidence submitted in support of and opposition to the motion show that there are genuine issues of material fact with respect to the interrelationships of the parties and issues of agency, alter ego, and fraud.  David Hutchinson testified in his deposition that he had sold Leonard Mosher's wheat in the past.  Deposition testimony also shows there are genuine issues with respect to real party in interest and ownership issues.  The plaintiff's allegations of failure to disclose material facts are sufficient to satisfy the "facially plausible" standard set forth in *Twombly*.

Also, the plaintiff asserts that the defendants' motions are premature and that additional discovery is necessary.  The progression order provides that the deadline for filing motions for summary judgment is October 2, 2009.  *See* Filing No. 43.  Accordingly, the court finds that defendants' motions should be denied at this time, without prejudice to reassertion.  In light of this ruling, the plaintiff's motion to continue has been rendered moot.  Accordingly,

IT IS ORDERED that:

1.  The motions to dismiss or for summary judgment filed by defendants Susan Hutchinson, Leonard Mosher, Mosher Products, Inc., and Service Company of America (Filing Nos. 44, 47, and 49) are denied.

2.  The plaintiff's motion to continue pursuant to Rule 56(f) (Filing No. 55) is denied as moot.

DATED this 9th day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge